```
 1
 2
 3
 4
 5
 6                    IN THE UNITED STATES DISTRICT COURT
 7                         FOR THE DISTRICT OF ARIZONA
 8
 9   Jorge R Tavizon,                       No. CV-20-01847-PHX-DWL (JFM)
10              Plaintiff,                  **ORDER**
11   v.
12   David Shinn, et al.,
13              Defendants.
14
```

On May 13, 2021, Magistrate Judge Metcalf issued a report and recommendation ("R&R") addressing several pending motions. (Doc. 53.) Afterward, Defendant Marie DeMello, NP ("NP DeMello") filed objections to the R&R. (Doc. 54.) For the following reasons, NP DeMello's objections are overruled and the R&R is adopted.

## RELEVANT BACKGROUND

This is a *pro se* civil rights action brought by Plaintiff Jorge Tavizon ("Plaintiff"). Initially, Plaintiff sought to assert an array of claims against a host of defendants (Doc. 1), but in a January 2021 screening order, the Court dismissed all of Plaintiff's claims except his Eighth Amendment medical care claim in Count Two against NP DeMello. (Doc. 11 at 5.) The upshot of that claim is that Plaintiff injured his leg in May 2020 after slipping on a puddle of water; was taken to the hospital for emergency surgery and spent two months at the hospital recovering; was told that "with proper therapy" he would regain 95% of the use of his leg; and was, upon his return to prison, evaluated by NP DeMello. (*Id.* at 3.) Plaintiff alleges that NP DeMello instructed him to "get up and walk," and when he told

her that he needed proper therapy, she then "grabbed [Plaintiff's] leg and started basically manhandling [him]" and "hurting [Plaintiff] very badly." (*Id.*) Plaintiff further alleges that, when he told NP DeMello that she was hurting him, she "became very angry," "walked out," and "took [Plaintiff] off [his] doctor provided medication for nerve damage." (*Id.*)

Following the screening process, this matter was referred to Magistrate Judge Metcalf for all pretrial proceedings. (*Id.* at 8.) Judge Metcalf, in turn, issued a scheduling order that set a deadline of June 21, 2021 for motions to amend or supplement the pleadings. (Doc. 28 at 3-4.)

On April 9, 2021—that is, well before the amendment deadline had expired—Plaintiff filed a motion for leave to file a first amended complaint ("FAC"). (Doc. 33.) In this motion, Plaintiff explains that he "had an inmate write his original complaint, who left out all the facts about events leading up to the injury giving rise to this suit." (*Id.* at 1.)

On April 27, 2021, NP DeMello filed an opposition to Plaintiff's amendment request. (Doc. 40.) In a nutshell, NP DeMello argues the amendment request should be denied on futility grounds because the "proposed Amended Complaint . . . fails to demonstrate that Plaintiff exhausted the available administrative remedies and in fact confirms that he did not even attempt to exhaust before filing his Complaint." (*Id.* at 1.) NP DeMello elaborates: "Plaintiff concedes in his proposed Amended Complaint that he only submitted an informal complaint or grievance related to his claims against Defendant after he filed his original Complaint. Specifically, in his proposed Amended Complaint, Plaintiff asserts that he filed a formal grievance on December 27, 2020, and an appeal on January 19, 2021, yet Plaintiff filed his Complaint on September 22, 2020 – well before he even attempted to exhaust the available administrative remedies. Therefore, by his own admission in his proposed Amended Complaint, Plaintiff confirms that he failed to exhaust the available administrative remedies prior to initiating this lawsuit." (*Id.* at 2.)

About two weeks later, on May 10, 2021, NP DeMello filed another motion touching on the topic of administrative exhaustion. (Doc. 48.) This time, NP DeMello

| | |
|---|---|
| 1 | moved for summary judgment, arguing that Plaintiff "fail[ed] to comply with 42 U.S.C. |
| 2 | §1997e(a), the Prison Litigation Reform Act, by not properly exhausting available |
| 3 | administrative remedies before filing his Complaint." (*Id.* at 1.) |
| 4 | Three days later, on May 13, 2021, Judge Metcalf issued the R&R that is the subject |
| 5 | of the pending objections. (Doc. 53.) First, Judge Metcalf concluded that Plaintiff's |
| 6 | motion for leave to file the FAC should be granted because (a) exhaustion is not ordinarily |
| 7 | a proper consideration at the pleading stage; (b) exhaustion is, in any event, evaluated based |
| 8 | on the filing date of the operative complaint (and, thus, "even if the FAC affirmatively |
| 9 | alleges exhaustion of administrative remedies during the pendency of the original |
| 10 | Complaint, that does not render the amendment futile"); and (c) "[a]t a minimum, the issue |
| 11 | is debatable and should be resolved on summary judgment rather than on screening." (*Id.* |
| 12 | at 3-6.) Second, Judge Metcalf screened the FAC and concluded that it adequately pleads |
| 13 | an array of claims against an array of defendants. (*Id.* at 6-12.) Third, Judge Metcalf |
| 14 | concluded that NP DeMello's pending summary judgment motion "should be denied as |
| 15 | moot, without prejudice to it being reasserted in light of the filing of the FAC" because it |
| 16 | "does not contemplate the instant amendment, nor argue that it would not avoid the |
| 17 | exhaustion defense." (*Id.*at 12-13.) |
| 18 | On May 27, 2021, NP DeMello filed objections to the R&R. (Doc. 54.) |
| 19 | On June 2, 2021, Plaintiff filed a response to NP DeMello's objections. (Doc. 55.) |

## LEGAL STANDARD

Under Rule 72(b)(1) of the Federal Rules of Civil Procedure, a magistrate judge may "enter a recommended disposition" of "a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement." Under Rule 72(b)(2), a party may file "specific written objections" to such an R&R within fourteen days of being served with a copy of it. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

**DISCUSSION**

NP DeMello objects to (1) the R&R's conclusion that Plaintiff's amendment request should be granted and (2) the R&R's conclusion that her summary judgment motion should be denied without prejudice. (Doc. 54.) As for the former issue, NP DeMello reprises her argument that "because under binding Ninth Circuit precedent Plaintiff must exhaust the available administrative remedies prior to the initiation of a lawsuit—not after filing a complaint while litigation is ongoing—leave to amend would be futile as to Plaintiff's claims against the sole Defendant currently in this lawsuit." (*Id.* at 3.) As for the latter issue, NP DeMello argues that because the factual allegations against her in the FAC are the "same" in "all material respects" to the factual allegations in the original complaint, her pending summary judgment motion "is still ripe for the Court's consideration." (*Id.* at 1.) In other words, NP DeMello argues that the Court should, "at a minimum, allow [her] Motion for Summary Judgment . . . to be fully briefed and decided on the merits, based on the timing of the filing of the initial Complaint." (*Id.* at 4.)

In his response to NP DeMello's objections, Plaintiff argues, among other things, that he made various additional efforts to exhaust his administrative remedies (beyond

those set forth in the FAC) that were "thwarted" by prison officials and that the "actual prison grievance policy for medical grievances . . . makes no demand that Plaintiff attach anything to his formal grievance." (Doc. 55 at 3.)

NP DeMello's objections lack merit. First, Judge Metcalf properly concluded that Plaintiff's motion for leave to file the FAC should be granted. The sole ground on which NP DeMello opposes that motion is futility based on a lack of exhaustion, but Plaintiff has identified various reasons why his efforts to exhaust his administrative remedies (whether they occurred before or after the filing of his initial complaint in this action) should be deemed sufficient. Although NP DeMello may very well end up prevailing on the exhaustion issue when all is said and done—the Court expresses no opinion on how that issue should ultimately be resolved—the Court is not convinced that futility has been established on the current record. This is an issue better resolved during later stages of the case, with a more developed record.

Second, and for similar reasons, Judge Metcalf properly concluded that NP DeMello's pending summary judgment motion should be denied without prejudice. That motion is premised on the notion that "Plaintiff did not file *any* informal complaint or formal grievance, relating to his allegations and claims that Defendant DeMello failed to provide adequate medical care for his knee injury." (Doc. 48 at 4-5, emphasis added.) However, in the FAC, Plaintiff specifically alleges that he *did* file a formal grievance: "Plaintiff filed his formal grievance on 12-27-20 and 1-19-21 appeal; both of which were ignored." (Doc. 34 at 19 ¶ 49.) Although it is clear that NP DeMello believes the grievance referenced in the FAC was filed too late to be effective for exhaustion purposes (because it was filed after this lawsuit was initiated), the problem is that the timing issue isn't addressed in NP DeMello's existing summary judgment papers. Under these circumstances, the most logical and efficient path forward is to allow NP DeMello to re-brief the issue of exhaustion in a new summary judgment motion that addresses Plaintiff's current claims against her.

Accordingly, **IT IS ORDERED** that:

(1) NP DeMello's objections to the R&R (Doc. 54) are **overruled**.

(2) The R&R (Doc. 53) is **adopted**.

(3) Plaintiff's motion to amend (Doc. 33) is **granted**.

(4) Plaintiff's proposed First Amended Complaint (Doc. 34) shall be **filed**.

(5) NP DeMello's motion for summary judgment (Doc. 48) is **denied without prejudice**.

(6) Defendant Shinn is **dismissed without prejudice**.

(7) Defendants Hamilton, Hoyt, Does #1, 2, 3, and 4, and DeMello are required to respond to Count 1 of the First Amended Complaint.

(8) Defendants DeMello, Ndemanu, and Centurion are required to respond to Count 2 of the First Amended Complaint.

(9) Defendant DeMello is given 14 days from the filing of this Order to respond to the First Amended Complaint.

(10) Plaintiff is given 90 days from the filing of this order to file Notice(s) of Substitution providing true names of his fictitiously named defendants, Does # 1, 2, 3, and 4. If Plaintiff fails to do so, such Defendants shall be dismissed for failure to prosecute.

(11) Service on Defendants Hamilton, Hoyt, Does #1, 2, 3, and 4, Ndemanu, and Centurion is ordered to proceed as follows:

(a) **Forms to Plaintiff**: The Clerk of Court shall send Plaintiff Service Packets for such Defendant(s) including: (1) this Order; (2) a copy of the Marshal's Process Receipt & Return form (USM-285); and (3) Notice of Lawsuit & Request for Waiver of Service of Summons form. If Plaintiff is NOT subject to electronic filing under General Order 14-17 (pilot project) such packets must also include (4) Summons and (5) Waiver of the Service of Summons forms for such Defendant(s).

(b) **Return to Clerk**: Plaintiff must complete and return the Service Packets to the Clerk of the Court within 21 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order. If Plaintiff is subject to electronic filing under

General Order 14-17 (pilot project), the Clerk must prepare and add to the Service Packets the Summons and Waiver of the Service of Summons forms for such Defendant(s).

(c) **Forwarding to Marshal**: The Clerk of the Court must forward to the United States Marshal: (1) the Service Packets; (2) copies of such Complaint; and (3) copies of such Service Orders. The United States Marshal must retain copies of such documents for future use.

(d) **Waiver of Service**: The United States Marshal must notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of such Service Orders. The Marshal must file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. Defendants who agree to waive service of the Summons and such complaint must return signed waiver forms to the United State Marshal, and not to Plaintiff.

(e) **Personal Service**: If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (i) Personally serve copies of the Summons, such Complaint and such Service Orders upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

    (ii) Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

the Summons, such Complaint, and the Service Orders and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(f) **Answers**:

(i) Deadline: Said Defendants must answer such Complaint as directed in the Service Orders, or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(ii) Identifying Filer(s): Any answer or responsive pleading or motion must state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

Dated this 30th day of June, 2021.

_____
Dominic W. Lanza
United States District Judge